**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **BURROUGHS** | : | |
| **Petitioner,** | : | **1:20-cv-4814 (ALC)** |
| **-against-** | : | **<u>OPINION & ORDER</u>** |
| **LILLEY** | : | |
| **Respondent.** | : | |

**ANDREW L. CARTER, JR., United States District Judge:**

*Pro se* Petitioner Theophilus Burroughs filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging 1) the state trial court's jurisdiction over the firearm counts related to sales made in South Carolina, 2) the state trial court's *sua sponte* vacatur of his guilty plea, and 3) his sentence to the second plea of guilty as excessive. ECF No. 1. Because Petitioner's claims are either unexhausted or barred from federal review, the Petition is denied.

## BACKGROUND

On November 15, 2015, in Bronx Supreme Court, Petitioner Theophilus Burroughs pleaded guilty to first first-degree criminal sale of a firearm (Penal Law § 265.13), first-degree criminal tax fraud (Tax Law § 1806), first-degree money laundering (Penal Law § 470.20[2]), and fourth-degree conspiracy (Penal Law § 105.10[1]), and was sentenced by Judge Ralph Fabrizio to a determinate term of fifteen years of incarceration and five years' post-release supervision, to run concurrently with two indeterminate terms of three-to-nine years' imprisonment, and a definite term of one year in prison, respectively.

Petitioner was released from custody in 2023 based on his change of address, ECF No. 28, and the website maintained by the Department of Corrections and Community Supervision.

His post release supervision maximum expiration date was January 19, 2026.

**Procedural History**

Petitioner filed his Petition for Writ of Habeas Corpus on June 23, 2020. ECF No. 1. Petitioner filed a Pro Se Brief and Supplemental Authority to his Petition for Writ of Habeas Corpus on July 9, 2020. ECF No. 5. Respondent filed her Opposition November 20, 2020. ECF No. 18. Petitioner filed his Reply on February 5, 2021. ECF No. 27.

## STANDARD OF REVIEW

Habeas corpus relief under 28 U.S.C. § 2241 is available to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Courts have the authority to review a petition for a writ of habeas corpus and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

"When a petitioner brings a habeas petition pursuant to § 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).

A petitioner seeking relief pursuant to 28 U.S.C. § 2241 must exhaust their administrative remedies. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). "This requires compliance with the BOP's four-step Administrative Remedy Program." *Lallave v. Martinez*, 609 F. Supp. 3d 164, 179 (E.D.N.Y. 2022) (citing 28 C.F.R. § 542.10(a)).

Additionally, *pro se* litigants are afforded "special solicitude" and their filings must be interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); see also *Lithgow v. Keyser*, No. 20-CV-3655, 2021 WL 4200722, at *2 (S.D.N.Y. Aug. 16, 2021), report and recommendation adopted, 2021 WL 4391122 (S.D.N.Y. Sept. 24, 2021).

## DISCUSSION

### Mootness

Before the Court can analyze the Petitioner's claims, it must ensure that this petition is not moot. "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted). Because federal courts are without power to consider a case unless it presents a live controversy, judges have a duty to consider mootness *sua sponte*. *McClellon v. Rickard*, No. 24-CV-10053 (VSB) (BCM), 2026 WL 686499, at *4 (S.D.N.Y. Mar. 11, 2026) (internal citations omitted).

"[M]ootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016). Habeas petitions do not automatically become moot just because a petitioner is released from custody. *See Carafas v. LaVallee*, 391 U.S. 234, 237–40 (1968). However, the petition will be moot if the petitioner does not stand to suffer from "collateral consequences adequate to meet Article III's injury-in-fact requirement," *Spencer v. Kemna*, 523 U.S. 1, 13–14 (1998).

Here, Petitioner has already been released from state custody and his term of post release

supervision expired in January 2026. Petitioner's claims involve challenges to his underlying conviction of criminal sale of a firearm. Petitioner was convicted of not just one felony, but three others, which he does not challenge. The Second Circuit places the burden on "habeas petitioners to identify at least some collateral consequence that threatens them." *Nowakowski v. New York*, 835 F.3d at 225. However, courts can presume "regular" collateral consequences such as "future sentence enhancement, impeachment, or civil disabilities." *Id.* Here, even though Petitioner does not challenge his convictions of tax fraud, money laundering, and conspiracy, the Court finds that a conviction for Criminal Sale of a Firearm will have uniquely harmful effects for purposes of sentencing if Petitioner were to be convicted of another violent felony. Penal Law § 70.04. Therefore, Petitioner's claims are not moot.

**Territorial Jurisdiction Claim**

Petitioner argues he is entitled to habeas relief because New York State lacked territorial jurisdiction to prosecute him for Criminal Sale of a Firearm in the First Degree and the state court wrongly interpreted a interpreted a federal statute in assessing whether it was divested of jurisdiction under state law.

A. Petitioner did not fairly present the federal constitutional nature of his § 20.20 claim to the New York Court of Appeals.

Respondent argues that this Court cannot adjudicate Petitioner's claims on the merits because this is the first time he has raised certain federal constitutional arguments, having not done so to the New York Court of Appeals.

"[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies." *Carvajal v. Artus*, 633 F.3d 95, 104

(2d Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)). The exhaustion requirement has two components. *See Parrish v. Lee*, No. 10-CV-08708 (KMK), 2015 WL 7302762, at *6 (S.D.N.Y. Nov. 18, 2015). First, a court considers whether the petitioner "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Id.* (internal quotations and citations omitted). "Exhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (cleaned up). "While a state petitioner is not required to cite 'chapter and verse of the Constitution' to satisfy this requirement, he must present his challenge "in terms that are likely to alert the state courts to the claim's federal nature." *Scott v. James*, No. 20-CV-07809 (ALC), 2023 WL 5048237, at *2 (S.D.N.Y. Aug. 8, 2023) (quoting *Carvajal*, 633 F.3d at 104). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982)).

> A petitioner may satisfy the fair presentation requirement by: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.
>
> *Daye*, 696 F.2d at 194.

A petitioner's federal habeas claim, in other words, must be the "substantial equivalent" of the claim presented in state court. *Strogov v. Attorney Gen. of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999) (quoting *Picard v. Connor*, 404 U.S. 270, 278 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)).

"'Second, having presented [the] federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.'" *Parrish* at *7 (quoting *Klein*, 667 F.2d at 282).

"[A] district court faced with a habeas petition containing unexhausted claims generally has three options." *Sims v. Gonyea*, No. 15-CV-06621 (MAT), 2018 WL 1876905, at *8 (W.D.N.Y. Apr. 19, 2018) (quoting *Ortiz v. Heath*, No. 10–CV–01492 (KAM), 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011). "The Court may (1) dismiss the unexhausted claims without prejudice, (2) under limited circumstances, stay the petition and hold it in abeyance while the petitioner returns to state court and exhausts the claims at issue, or (3) if the unexhausted claim is plainly meritless, deny it on the merits [pursuant to 28 U.S.C. § 2254(b)(2)]." *Id*.

"The AEDPA 'does not articulate a standard for denying a petition pursuant to Section 2254(b)(2), and neither the Supreme Court nor the Second Circuit has established one.'" *Spencer v. Rockwood*, No. 22-CV-00239 (GTS), 2024 WL 3398390, at *9 (N.D.N.Y. July 12, 2024) (quoting *Nickels v. Conway*, No. 10-CV-00413, 2015 WL 4478970, at *18 (W.D.N.Y. July 22, 2015) (noting that "[i]n this Circuit, the various formulations for the proper standard to be used share 'the common thread of disposing of unexhausted claims that are unquestionably meritless'") (quoting *Keating v. New York*, 708 F. Supp. 2d 292, 299 n.11 (E.D.N.Y. 2010)), *certificate of appealability denied* (2d Cir. Dec. 29, 2015)). "Rather, the Supreme Court has made clear that district courts can 'deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because

a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review, *see* § 2254(a).'" *Spencer*, 2024 WL 3398390, at *9 (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010)).

Respondent argues that Petitioner has not satisfied the requirements for fair presentation of his federal claim under *Daye*. Government's Opposition ("Gov't Opp.") at 13. One of Petitioner's federal claims is that New York State wrongly prosecuted him for the charge of first-degree criminal sale of a firearm. Under New York Penal Law § 265.13(2), a person is guilty of first-degree criminal sale of a firearm when that person knowingly and unlawfully sells, exchanges, gives, or disposes of to another person or persons a total of ten or more firearms in a period of not more than one year. Respondent argues that Petitioner violated this statute when he conspired in New York and then sold thirteen guns in South Carolina to individuals he anticipated would be taking them back to New York for illegal resale, and sold one gun in Bronx County, New York. Gov't Opp. at 13. Petitioner argues New York State lacked territorial jurisdiction to prosecute him for the sale of firearms completed in South Carolina (at least nine of which were required for his conviction of first-degree criminal sale of a firearm).[1] Specifically, and this is at the crux of Respondent's argument, Petitioner asserts, for the first time, that his conduct had no effect on New York, rendering any prosecution a constitutional and statutory violation under NYCPL § 20.20. Petitioner's Pro Se Brief and Supplemental Authority ("Pet. Brief"), ECF No. 5, at 15. Alternatively, Petitioner argues, as he did on appeal, that NYCPL § 20.30(1) divests New York of jurisdiction under two theories: that his conduct did not "constitute[] an offense under the laws of such other jurisdiction," that being South Carolina, as

[1] §265.13(2).

required for New York to maintain statutory jurisdiction, and that, even if "jurisdiction" is defined to include federal offenses, he did not violate any federal statute, including 18 U.S.C. § 922(5), as allegedly relied upon by the State. *Id*. at 24. Yet, Petitioner did not present the first claim regarding § 20.20 to the State appellate courts, and only presented these latter two claims to the State appellate courts as matters of State law.

Respondent argues that Petitioner's claim under § 20.20 raises a federal constitutional issue and this Court agrees. As the Supreme Court has held, "Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the state should succeed in getting him within its power." *Strassheim v. Daily*, 221 U.S. 280, 285, 31 S. Ct. 558, 560, 55 L. Ed. 735 (1911). Here, Petitioner asserts that his conduct in South Carolina should not have been prosecuted because it had no effect on New York.

He cites to § 20.20, which states that,

> A person may be convicted in the criminal courts of this state of an offense defined by the laws of this state, committed either by his own conduct or by the conduct of another for which he is legally accountable . . . when: Even though none of the conduct constituting such offense may have occurred within this state: 1. Conduct occurred within this state sufficient to establish: . . . (c) A conspiracy or criminal solicitation to commit such offense, or otherwise to establish the complicity of at least one of the persons liable therefor; provided that the jurisdiction accorded by this paragraph extends only to conviction of those persons whose conspiratorial or other conduct of complicity occurred within this state; or 2. Even though none of the conduct constituting such offense may have occurred within this state: . . . (b) The statute defining the offense is designed to prevent the occurrence of a particular effect in this state and the conduct constituting the offense committed was performed with intent that it would have such effect herein; or . . . (d) The offense committed was conspiracy to commit a crime within this state and an overt act in furtherance of such conspiracy occurred within this state[.]"

However, unfortunately, Petitioner did not raise a constitutional challenge for his § 20.20 claim in his appellate brief for state review. His appellate brief merely argues that the trial court

interpreted § 20.30 incorrectly. The relevant heading makes reference to the 14th Amendment under the U.S. Constitution, but the argument section includes no analysis of any violations of it. *See* Exhibit 13, State Appellant Brief, at 16-22. "Alleged errors of state law cannot be repackaged as federal errors simply by citing the due process clause." *See DiGuglielmo v. Smith*, 366 F.3d 130 (2d Cir. 2004) (internal citations omitted). The analysis section does not cite to any federal or state cases where there was a constitutional violation, or otherwise satisfy the factors under *Daye*.

Additionally, there are no longer state remedies available to exhaust on the § 20.20 claim because a defendant who fails to argue an available claim on appeal is barred from raising it on collateral review. *See* NYCPL §440.10(2)(c). In other words, Petitioner's § 20.20 claim is procedurally barred from further state review. "Out of respect for finality, comity, and the orderly administration of justice, federal courts generally may not entertain such defaulted claims through habeas unless the petitioner shows cause and prejudice to excuse the default. *Gary Lee Smith v. Warden*, No. 20-CV-2083 (RPK), 2026 WL 913115 *7 (E.D.N.Y. Apr. 3, 2026) (internal citations omitted). Someone incarcerated for a state crime who fails to make those showings can only receive habeas review if he "advances ... a credible and compelling claim of actual innocence," *Id.* (internal citations omitted) (cleaned up). Because Petitioner has not put forth cause for default or an actual innocence claim, the § 20.20 claim is also forfeited for purposes of federal review by this Court.

B. The Appellate Division's application of the preclusion doctrine is an independent and adequate state ground barring federal habeas review of Petitioner's §20.30 claims.

Petitioner also argues that the Appellate Division improperly interpreted "the laws of

such other jurisdiction" when analyzing his § 20.30 claim and wrongly interpreted the federal statute 18 U.S.C. § 922(5). In *People v. Burroughs*, 171 A.D.3d 482 (1st Dept. 2019), the Appellate Division found that Petitioner's claims were precluded by a different panel of the court's prior decision in *People ex rel. Burroughs v. Warden, O.B.C.C. Corr. Facility* 132 A.D.3d 469 (1st Dept. 2015), which had reached the merits on Petitioner's §20.30 claims. Petitioner chose not to appeal to the Court of Appeals. For this reason, Respondent argues that the Appellate Division's reliance on the doctrine of preclusion is an independent and adequate ground barring federal habeas review.

"Federal courts are procedurally barred from reviewing questions of federal law presented in a habeas petition when the State court's decision rests upon a state procedural rule that is independent of the federal question and adequate to support the judgment." *Leasure v. Keyser*, No. 21-CV-2598 (PKC), 2026 WL 538930, at *5 (E.D.N.Y. Feb. 26, 2026) (internal citations omitted). The adequacy of a state procedural rule "is not whether the state court was right or wrong in its decision, but rather whether its holding had a fair or substantial basis in state law." *Rhagi v. Artuz*, 309 F.3d 103, 107 (2d Cir. 2002) (citations and internal quotation marks omitted). A state procedural default qualifies as an adequate and independent ground when "the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Levine v. Comm'r of Corr. Servcs.*, 44 F.3d 121, 126 (2d Cir. 1995).

Here, the Appellate Division held,

> We decline to revisit our earlier determination (*People ex rel. Burroughs v Warden, O.B.C.C., Corr. Facility*, 132 AD3d 469 [1st Dept 2015]) that New York had territorial jurisdiction over certain offenses that occurred, in part, in another state. Although that determination was made on an appeal from a denial of habeas corpus, this Court reached the merits without discussing the availability of habeas corpus as a remedy, and the parties had a "full and fair" opportunity to litigate the initial determination (*see People v*

> *Evans*, 94 NY2d 499, 502 [2000]). In any event, regardless of whether our prior determination has preclusive effect, we adhere to it for the reasons stated therein, as well as in the motion court's decision (40 Misc 3d 1089, 1092 [Sup Ct, Bronx County 2013]).
>
> *Burroughs*, 171 AD3d at 482.

Respondent argues that the Appellate Division clearly and expressly stated that its judgment rested on preclusion, or what New York State courts refer to as “law of the case doctrine.” Gov’t. Opp. at 23. “The law of the case doctrine is part of a larger family of kindred concepts, which includes res judicata (claim preclusion) and collateral estoppel (issue preclusion). These doctrines, broadly speaking, are designed to limit relitigation of issues. . . . Preclusion under the law of the case contemplates that the parties had a ‘full and fair’ opportunity to litigate the initial determination.” *People v. Evans*, 94 N.Y.2d 499, 727 N.E.2d 1232 (2000). Respondent argues that law of the case or preclusion is adequate because it is regularly followed, indicating a substantial basis in state law. “Law of the case can constitute an independent and adequate state law ground that constitutes a procedural bar preventing federal habeas corpus review.” *See Breazil v. Artis*, 2015 WL 9581816, at *11 (E.D.N.Y. December 30, 2015). This Court agrees and finds that the Petitioner’s claims under 20.30 are procedurally barred.

There are, of course, limited exceptions to the independent and adequate state grounds rule. If petitioner can show “cause” for the default and “prejudice attributable thereto,” *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986), or demonstrate that failure to consider the federal claim will result in a “fundamental miscarriage of justice.” *Id.*, at 495, 106 S.Ct., at 2649. However, Petitioner does not argue for this in his Reply. Thus, this Court also cannot review the § 20.30 claim.

## CONCLUSION

For the aforementioned reasons, the Petition is denied. A certificate of appealability shall not issue as petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). In forma pauperis status is denied for purposes of an appeal. The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

**Dated:** July 14 , 2026

**New York, New York**

Andrew L. Carter Jr.

**ANDREW L. CARTER, JR.**
**United States District Judge**